NOT FOR PUBLICATION                                                  (Doc. No. 28)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| EMANUEL MCCRAY, | : |
| Plaintiff, | : Civil No. 13-6540 (RBK/JS) |
| v. | : |
| UNITE HERE, et al., | : **OPINION** |
| Defendants. | : |

**KUGLER**, United States District Judge:

Before the Court is the motion of Defendant Bank of America Corporation to dismiss the complaint of Emanuel McCray ("Plaintiff") against it. For the reasons set forth below, the motion will be **GRANTED**.

I.     FACTUAL BACKGROUND

Plaintiff, proceeding pro se, alleges that Bank of America Corporation ("BOA"), along with more than twenty other individuals or entities named as defendants, participated in a racketeering conspiracy involving UNITE HERE, a labor organization.[1] Compl. ¶¶ 132, 183-188. Plaintiff also seeks declaratory judgments, injunctive relief,

---

[1] The Complaint also contains several other counts asserting various causes of action. It is unclear whether relief is sought against BOA in connection with these other counts. It is not necessary to describe the allegations in detail here, as this motion is solely concerned with the sufficiency of service of process.

and compensatory damages.  BOA has moved to dismiss the complaint because, it claims, it has not been served with process.

## II.     LEGAL STANDARD.

Under Federal Rule of Civil Procedure 4, if a defendant is not served within 120 days after the complaint is filed, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  Fed. R. Civ. P. 4(m).  If a plaintiff shows "good cause" for the failure to timely serve, the court "must extend" the time for service.  Id.  Even if good cause does not exist, the court may consider whether to grant a discretionary extension of time.  Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1305 (3d Cir. 1995).  Among the factors a district court should consider in deciding whether to extend time for service in the absence of good cause are whether the refiled action would be barred by the statute of limitations or if the defendant has evaded service or is concealing a defect in attempted service.  Id. at 1305-06.  If service is put in issue by a defendant, a plaintiff has "the burden of proving proper service" or explaining the lack thereof.  Rivera Lopez v. Municipality of Dorado, 979 F.2d 885, 887 (1st Cir. 1992); see also Grand Entm't Grp., Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 488 (3d Cir. 1993).

## III.    DISCUSSION

Here, BOA indicated that it was not served with process within the 120-day time period following the filing of Plaintiff's Complaint on October 30, 2013, and in fact has never been served.  BOA Mot. Dismiss at 1-2.  The Court is unaware of any request by Plaintiff for an extension of time for service.  Plaintiff alleges BOA was served within 60 days of filing of the Complaint, but produces no evidence to support his assertion. Pl.'s

Opp'n at 4.  Plaintiff has thus not met his burden of proving proper service or explaining why BOA was not served.  Similarly, the Court observes no basis for a discretionary extension of time in the absence of good cause.[2]

Plaintiff also incorrectly argues that BOA waived its opportunity to file a 12(b)(5) motion because it was not filed as a "pre-answer motion." Pl.'s Opp'n at 4 (citing McCurdy v. American Bd. of Plastic Surgery, 157 F.3d 191, 194, 197 (3d Cir. 1998)).  Plaintiff is correct in asserting that a motion to dismiss for insufficient service of process must be made in compliance with Rule 12.  McCurdy, 157 F.3d 195.  A party waives its right to file a 12(b)(5) motion if it was not raised in a previous Rule 12 motion. Fed. R. Civ. P. 12(h)(1).   However, here, BOA did not waive its right to file a 12(b)(5) motion because this is its first Rule 12 motion.  Although the Court recognizes that Plaintiff is not represented by counsel, BOA clearly stated that it was alleging insufficiency of service of process in its moving papers.  Mot. Dismiss at 1-2.  The Court cannot excuse the requirement of service of process because a party proceeds pro se.  See Cain v. Abraxas, 209 Fed. Appx. 94, 96 (3d Cir. 2006).  The complaint against BOA will be therefore dismissed under Rule 12(b)(5).

IV.   **CONCLUSION**

For the foregoing reasons, the motion to dismiss will be **GRANTED**.  The claims against BOA will be dismissed without prejudice.

Dated:   6/11/2014              　　　　　　　　　　   s/ Robert B. Kugler
　　　　　　　　　　　　　　　　　　　　　　　　　　ROBERT B. KUGLER

---

[2] For example, there is no suggestion that BOA has evaded service. Neither is the Court able to determine from the face of Plaintiff's complaint whether the statute of limitations would bar a refiled action against BOA.

                                                  United States District Judge