<u>NOT FOR PUBLICATION</u>                    (Doc. Nos. 10, 13, 18, 19, 20, 23)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

_____
                                               :
EMANUEL MCCRAY,                                :
                                               :
            Plaintiff,                         :     Civil No. 13-6540 (RBK/JS)
                                               :
      v.                                       :
                                               :     **OPINION**
UNITE HERE, et al.,                            :
                                               :
            Defendants.                        :
_____      :

**KUGLER**, United States District Judge:

Before the Court are the motions of Defendant Public Storage (Doc. No. 10), Defendant

UNITE HERE and affiliated defendants (the "UNITE HERE" defendants)[1] (Doc. No. 13),

Defendants Richard Trumka and the American Federation of Labor and Congress of Industrial

Organizations (the "AFL-CIO") (Doc. No. 18), Defendant Extra Space Storage, A Real Estate

Investment Trust  ("Extra Space Storage") (Doc. No. 19), Defendant HST Lessee San Diego LP

("HST")[2] (Doc. No. 20), and Defendant Auction.com (Doc. 23) to dismiss the Complaint of

Emanuel McCray ("Plaintiff") against them.  For the reasons set forth below, these motions will

be **GRANTED**.

_____

[1] This motion was filed by UNITE HERE, UNITE HERE General Executive Board, UNITE HERE Executive
Committee, John W. Wilhelm, Donald Taylor, Sherri A. Chiesa, James Dupont, and Richard F. Sawyer.  As the
UNITE HERE defendants indicate in their brief, "[t]he UNITE HERE General Executive Board conducts UNITE
HERE's affairs and has among its members UNITE HERE's International Vice Presidents."  UNITE HERE Br. at 5
(ECF Doc. No. 13).  "The UNITE HERE General Executive Committee is UNITE HERE's highest governing body
and is comprised of various union officers."  <u>Id.</u>  "The five individual defendants . . . were or are officers of UNITE
HERE."  <u>Id.</u>  These defendants are referred to collectively as the "UNITE HERE defendants" in this Opinion.
[2] Defendant HST Lessee San Diego LP is incorrectly pled as the Sheraton San Diego Hotel & Marina in the
Complaint.

## I.      FACTUAL BACKGROUND

UNITE HERE is a labor organization that represents workers in the United States and

Canada in the hotel, gaming, food service, and other industries.  Compl. ¶ 19.  Although the

origin of Plaintiff's involvement with many of the defendants is not entirely clear, it appears that

he is a former employee of the Hilton Hotel in Vancouver, Washington.  Id. Ex. 2.  Based on

correspondence submitted by Plaintiff with his Complaint, it appears that on March 26, 2013,

Hilton sent a letter to Plaintiff advising him that it was obligated to terminate his employment

under its Collective Bargaining Agreement ("CBA") with UNITE HERE, Local 9, because he

failed to pay union dues despite being notified that his dues were in arrears.  Id.  Evidently, the

CBA between the Hilton Vancouver and UNITE HERE, Local 9 required all employees whose

job duties involved bargaining unit work to become and remain union members within thirty-one

days of the effective date of the CBA, or for new employees, within thirty-one days of their date

of hire.  It appears that Plaintiff was in fact terminated on March 27, 2013 as a result of his

failure to pay the union dues.  Id. ¶ 183.

Plaintiff, proceeding pro se, alleges that Defendants AFL-CIO and UNITE HERE are

front organizations for an "international organized crime ring engaged in the toxic brew of crime,

drug trafficking, piracy and terror . . . ."  Id. ¶¶ 18, 48.[3]  The Complaint alleges that the

defendants have conspired to violate a litany of federal laws, including murder, bribery,

extortion, sale into involuntary servitude, and embezzlement.  Id. ¶ 3.  Plaintiff also refers to a

Consent Decree dating back to 1995 between the United States and the Hotel Employees and

---

[3] The Complaint also names a number of other parties as defendants, including the President of the United States, the United States Department of Justice, the United States Department of Labor, and the National Labor Relations Board.  This Opinion only describes the allegations in the Complaint to the extent relevant to the claims against the moving defendants.

Restaurant Employees International Union ("HEREIU"), which was a predecessor labor organization to UNITE HERE.  Id. ¶¶ 5-15.[4]  Plaintiff does not attach a copy of the consent decree, although he cites it a numerous times in his Complaint, alleging that UNITE HERE officials have violated its provisions.  Id.[5]

It appears from the Complaint that Plaintiff began raising complaints about the activities of UNITE HERE at some time in 2012, which included the reporting of alleged illegal activities to the United States Department of Labor.  In particular, Plaintiff complained of the 2012 merger of UNITE HERE Local 8 and UNITE HERE Local 9, which he believed to be illegal.  Id. ¶¶ 76-83, 108-110.  Plaintiff asserts that UNITE HERE Local 9 entered into a contract with Hilton Worldwide, requiring it to "operate a closed union shop," which he also maintains is unlawful.  Id. ¶ 90.  Plaintiff evidently opposed the CBA between Local 9 and Hilton because it required him to become a dues-paying member of Local 9 in order to remain a Hilton employee.  Plaintiff further contends that UNITE HERE Locals 8 and 9 filed fraudulent tax returns in 2009 and 2010, and that UNITE HERE illegally maintained a pension account in his name even though he was not a union member.  Id. ¶¶ 111-114.  Plaintiff was allegedly made aware of the account when he was notified that he was entitled to retirement benefits.  Id. ¶¶ 111-112.

---

[4] UNITE HERE was formed by the merger of HEREIU and the Union of Needletrades and Industrial Textile Employees ("UNITE").  Compl. ¶ 31.

[5] It appears that in the litigation that Plaintiff is referring to, the Department of Justice commenced a civil action under the Racketeer Influenced and Corrupt Organizations ("RICO") Act, alleging that organized crime groups had dominated UNITE HERE's predecessor labor union for twenty-five years.  See United States v. Hotel Employees and Restaurant Employees Int'l Union, Civ. No. 95-4596, 2009 WL 792481 (D.N.J. Mar. 23, 2009).  On September 5, 1995, a civil RICO complaint and consent decree were simultaneously filed before the Hon. Garrett E. Brown, Jr. The consent decree provided that the union would be placed under court oversight for a period of at least four years. See id. at *1.

Plaintiff also alleges that Defendant Trumka, president of the AFL-CIO, declined an invitation from Plaintiff to attend a meeting to discuss "an organized crime ring." Id. ¶¶ 49-50. Plaintiff asserts claims for civil conspiracy and alleges a racketeering conspiracy involving UNITE HERE under the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1962. Compl. ¶¶ 183-186. Plaintiff also asserts an accounting claim in connection with his pension and the pensions of others. Id. ¶¶ 187-188. Finally, Plaintiff seeks fourteen declaratory judgments. Id. ¶¶ 189-205.

Each moving defendant argues that Plaintiff fails to plead sufficient facts to state a claim against it. The UNITE HERE Defendants also argue that this Court does not have subject-matter jurisdiction. Defendant HST further argues that the Court lacks personal jurisdiction over it and that Plaintiff lacks standing to bring the allegations against it. Plaintiff has not filed a brief in opposition to any of the instant motions.[6]

## II.   LEGAL STANDARD

### A. Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss an action for failure to state a claim upon which relief can be granted. When evaluating a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the

---

[6] Plaintiff did file a document captioned "Notice of Related Case" that contains arguments which appear to be in direct response to the UNITE HERE Defendants' legal arguments. See ECF Doc. No. 25. For example, he copies portions of their brief in his filling, and refers to case law cited in the UNITE HERE brief, before explaining why he believes they misconstrue the law. Id. at 4. However, in response to a letter filed by the UNITE HERE Defendants suggesting that the "Notice of Related Case" might be his opposition brief, Plaintiff filed a letter with the Court indicating that his "Notice of Related Case" should not be so construed. He further indicated that "[n]or was my 'Notice of Related Case' filed in opposition to the UNITE HERE Defendants' motion to dismiss." ECF Doc. No. 27. Thus, in accordance with Plaintiff's wishes, the Court does not deem the "Notice of Related Case" to be an opposition brief, and deems the motions to be unopposed.

plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)).  In other words, a complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

To make this determination, a court conducts a three-part analysis. Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).  First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Id. (quoting Iqbal, 556 U.S. at 675).  Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 130 (quoting Iqbal, 556 U.S. at 679).  Finally, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." Id. (quoting Iqbal, 556 U.S. at 679).  This plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.  A complaint cannot survive where a court can only infer that a claim is merely possible rather than plausible. Id.

When a plaintiff is not represented by counsel, courts should construe the complaint liberally in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520 (1972).  Such a pro se complaint should only be dismissed for failure to state a claim if "it appears 'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Id. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

**B. Leave to Amend**

Where a complaint is dismissed for failure to state a claim, leave to amend should normally be granted. Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000).  However, the rule is not absolute; leave to amend is inappropriate where it would cause undue delay, the amendment is motivated by bad faith or a dilatory motive, the amendment would cause prejudice, or the amendment is futile.  In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997). "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted. In assessing "futility," the District Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." Id. (citations omitted).

III.    DISCUSSION

A.  RICO Conspiracy

A civil action may be brought under RICO by "[a]ny person injured in his business or property by reason of a violation of" the RICO statute.  18 U.S.C. § 1964(c).  Thus, a civil RICO claim can be said to have three elements: "(1) a violation of the RICO statute, 18 U.S.C. § 1962; (2) an injury to business or property; and (3) that the injury was caused by the violation of Section 1962." De Falco v. Bernas, 244 F.3d 286, 305 (2d Cir. 2001) (citations omitted).  To state a violation of the substantive portion of section 1962(a), a plaintiff must show that "income derived . . . from a pattern of racketeering activity" was used to "acquire, establish or operate any enterprise that affects interstate commerce." Banks v. Wolk, 918 F.2d 418, 421 (3d Cir. 1990). Section 1962(b) prohibits "any person from acquiring or maintaining an interest in, or controlling any such enterprise 'thorough a pattern of racketeering activity." Id.  Finally, Section 1962(c) involves the conduct of an enterprise's affairs "through a pattern of racketeering activity." Id.

Thus, to state a claim under either 18 U.S.C. § 1962(a), (b) or (c), a private RICO plaintiff must allege that defendants engaged in "a pattern of racketeering activity," which requires a showing that defendants committed at least two of the predicate acts specified in 18 U.S.C. § 1961(1). See id.  To state a claim for a RICO conspiracy under 18 U.S.C. § 1962(d), the plaintiff must show that a defendant conspired to violate 18 U.S.C. § 1962(a), (b), or (c).  Id.

A defendant in a racketeering conspiracy need not itself commit or agree to commit predicate acts.  Smith v. Berg, 247 F.3d 532, 537 (3d Cir. 2001).  Rather, "all that is necessary for such a conspiracy is that the conspirators share a common purpose."  Id.  Thus, if defendants agree to a plan wherein some conspirators will commit crimes and others will provide support, "the supporters are as guilty as the perpetrators."  Salinas v. United States, 522 U.S. 52, 64 (1997).  However, each defendant must "agree to commission of two or more racketeering acts." United States v. Phillips, 874 F.2d 123, 127 n.4 (3d Cir. 1989).  A civil RICO conspiracy claim "under section 1962(d) based on conspiracy to violate the other subsections of section 1962 must fail if the substantive claims are themselves deficient."  Lum v. Bank of Am., 361 F.3d 217, 227 n.5 (3d Cir. 2004).  Further, each defendant must "adopt the goal of furthering or facilitating the criminal endeavor."  Smith, 247 F.3d at 537.

Here, Plaintiff has asserted a claim for a RICO conspiracy under 18 U.S.C. § 1962(d), but he has not alleged a substantive RICO violation.[7]  Compl. ¶ 3(k).  Plaintiff appears to assert that UNITE HERE Defendants committed over thirty predicate acts listed in 18 U.S.C. § 1961(a). Compl. ¶ 3.  However, Plaintiff has failed to plead a sufficient factual basis to support a claim

---

[7] Plaintiff also asserts multiple violations of the definitions section of 18 U.S.C. § 1961.  Compl. ¶ 3(a)-(j).  While the definitions do not create a cause of action, but rather define terms used in substantive offenses listed in 18 U.S.C. § 1962, it appears that Plaintiff means to identify the racketeering predicate acts that he is alleging constitute a pattern of racketeering activity.

that any defendant has agreed to the commission of at least two predicate acts.  Where a plaintiff only alleges agreement to the commission of predicate acts "in conclusory fashion," that alone will result in dismissal of a RICO conspiracy cause of action.  Zavala v. Wal-Mart Stores, Inc., 393 F. Supp. 2d 295, 317 (D.N.J. 2005).

Plaintiff alleges that the UNITE HERE defendants threatened to commit murder but offers no indication as to when, where, and against whom those threats were made, or who specifically made them.  Compl. ¶¶ 28, 66, 69, 85.  Similarly, Plaintiff makes general allegations about extortion, but does not allege any details about the nature of the extortion.  Id. ¶¶ 65, 66, 69, 85.  Plaintiff also alleges that UNITE HERE forced Hilton Worldwide to post an unsigned agreement with the National Labor Relations Board.  Id. ¶¶ 88-94, 113-115.  Reading the Complaint liberally, Plaintiff might be alleging facts that support mail or wire fraud.  However, these claims would still fail because to successfully plead facts supporting a fraud claim, Plaintiff must "plead[ ] the 'date, place or time' of the fraud, or through 'alternative means of injecting precision and some measure of substantiation into their allegations of fraud.'" Lum, 361 F.3d at 224 (citing Seville Indus. Mach. Corp. v. Southmost Mach. Corp., 742 F.2d 786, 791 (3d Cir. 1984)).  Here, Plaintiff does not mention who at UNITE HERE was involved with allegedly forcing Hilton Worldwide to improperly post an unsigned agreement, nor does he allege when it took place.

Finally, Plaintiff alleges that Richard Sawyer filed a fraudulent tax return on behalf of UNITE HERE Locals 8 and 9 in 2009 and 2010. Compl. ¶¶ 113-114, 122.  However, Plaintiff does not make his allegations with enough specificity to withstand a motion to dismiss.  Plaintiff appears to indicate that the CBA provided for an employer contribution rate of $0.33 per

compensable hour, while the UNITE HERE locals reported $0.66 per hour in contributions to the IRS. Id. ¶¶ 113-14. Although Plaintiff details this alleged misconduct with some specificity, he does not allege tax fraud with sufficient detail to meet the heightened pleading standard that applies to fraud claims, including tax fraud. See Todaro v. Richman, 170 F. App'x 236, 238 (3d Cir. 2006) (affirming the dismissal of a plaintiff's fraud predicate act allegations because the plaintiff did not allege when specific information was transmitted). Further, Plaintiff has not articulated any connection between the alleged tax fraud and any personal harm to him. See Jones v. Baskin, Flaherty, Elliot & Mannino, P.C., 670 F. Supp. 597, 600 (W.D. Pa. 1987) (where injuries alleged by a RICO plaintiff do not "flow directly from the conduct which allegedly violate[s] section 1962," dismissal is appropriate); see also Silverstein v. Percudani, 207 F. App'x 238, 239 (3d Cir. 2006) (affirming the dismissal of RICO fraud allegations in part because the plaintiff did not allege any injury he personally suffered from the commission of the fraud).

Plaintiff additionally recites the predicate acts of bribery, dealing in controlled substances, restrictions on payments and loans to labor organizations, embezzlement, identity fraud, obstruction of justice, witness tampering, compulsory labor, racketeering travel, money laundering, damaging government property, and terrorism, without setting forth any specific facts that would describe the commission of, or agreement to commit these predicate acts.[8] The

---

[8] It appears that in alleging identity theft, Plaintiff is referring to 18 U.S.C. § 1028, which is a RICO predicate offense, relating to fraud and connected activity in connection with identification documents. See 18 U.S.C. § 1961(1). Plaintiff's allegation of identity theft evidently stems from the UNITE HERE defendants' alleged use of Plaintiff's name, telephone number and social security number to establish an unwanted pension account in Plaintiff's name. See Notice of Related Case 3. He has not pleaded sufficient facts establishing the misuse of identification documents, nor has he pointed to any law establishing that the establishment of a pension account constitutes any sort of identity fraud.

Complaint is so woefully lacking of any facts that would support RICO liability for these

predicate acts that a discussion of the elements of the respective offenses is not warranted.  The

mere invocation of predicate acts in a complaint in insufficient to plead a claim for civil RICO.

See Zavala, 393 F. Supp. 2d at 317.  Therefore, all RICO claims against the UNITE HERE

Defendants fail as a matter of law.

Count Two of the Complaint does not indicate which defendants are part of the alleged

RICO conspiracy.  Thus, the Court cannot determine with certainty whether the RICO

conspiracy claim applies to any or all the defendants in this action apart from the UNITE HERE

Defendants.[9]  Because, as indicated above, Plaintiff has not pleaded sufficient facts to indicate

that any entity agreed to the commission of two predicate acts, the RICO conspiracy count must

be dismissed against all defendants to the extent that it was asserted against them.

## B.  Declaratory Judgments

To demonstrate an entitlement to a declaratory judgment, a plaintiff must assert facts that

show a violation of a legal right under an existing law.  See Aralac, Inc. v. Hat Corp. of Am., 166

F.2d 286, 290 (3d Cir. 1948).  Plaintiff fails to identify a legal right under which he can seek a

declaratory judgment in almost all of his pleas for a declaratory judgment.  Compl. ¶¶ 189, 191-

194.  In each claim, Plaintiff cites 28 U.S.C. §§ 2201-2202, which does not create a legal right

under which a party can seek a declaratory judgment, but rather gives courts the discretion to

issue a declaratory judgment if a claim is "appropriately pleaded."

---

[9] Plaintiff asserts that the AFL-CIO is also part of the alleged "organized crime ring." Compl. ¶ 48.  However, it is not entirely clear that the RICO cause of action is intended to implicate the AFL-CIO or any other defendant apart from the UNITE HERE defendants.  Even if the RICO conspiracy claim did relate to other defendants, it would be dismissed because there are no allegations in the Complaint that could plausibly be read as alleging that the AFL-CIO or any other defendants agreed to any specific RICO predicate acts.

The Fourth Count alleges that the AFL-CIO and "affiliates and constituent entities" operate "closed union shops."  Plaintiff alleges that this is accomplished by inserting terms in CBAs that require all current and future employees to become union members.  Compl. ¶ 25. Plaintiff has not articulated any allegations that would state a claim against the UNITE HERE defendants or the AFL-CIO in connection with his "closed union shop" allegations.  Under Section 8(a)(3) of the National Labor Relations Act ("NLRA"), unions are permitted to enter into agreements with private employers that require employees to maintain union membership as a condition of employment.  See Quick v. N.L.R.B., 245 F.3d 231, 242 (3d Cir. 2001).  "Closed union shops," in which employers and unions agree to condition initial hiring on union membership are illegal, however.  See id.; 29 U.S.C. § 158(a)(3).  A CBA that requires anything more than payment of fees and dues from employees as a condition of employment is also improper.  Quick, 245 F.3d at 243.  Employers may "enter into agreements requiring all the employees in a given bargaining unit to become [union] members 30 days after being hired as long as such membership is available to all workers on a nondiscriminatory basis.  Quick, 245 F.3d at 242-43.  "In order words, § 8(a)(3) permits the establishment of what has come to be known as a 'union shop.'"  Id. at 243 (citations omitted).

The contract between UNITE HERE Local 9 and Hilton Worldwide contains a clause that requires bargaining unit employees to maintain union membership as a condition of employment and provides that new bargaining unit employees must join the union within thirty-one days of hiring.  Compl. Ex. 2.  Therefore, this aspect of the CBA complies with § 8(a)(3). Plaintiff has shown that the CBA calls for a "union shop," which is permissible, but he has not pleaded any facts indicating that under any CBA that a defendant has entered into, initial hiring

is conditioned upon union membership, and thus he has not alleged the existence of an improper

"closed union shop" under the NLRA.  Neither has he pleaded that any CBA requires anything

more than payment of fees and dues in order to satisfy membership requirements.  Because

Plaintiff has not set forth allegations that any CBA entered into by any defendant goes beyond

what is permitted by § 8(a)(3) of the NLRA, the Fourth Count must be dismissed.

In his Fifth Count, Plaintiff alleges that the AFL-CIO and its affiliates have engaged in

unconstitutional behavior through "involuntary union membership."  Compl. ¶¶ 189, 191-192.

Plaintiff has not specified the law or portion of the Constitution that entitles him to relief, and the

Court is not aware of a provision in the Constitution that would in fact entitle him to a

declaratory judgment.  To the extent that he refers to CBAs that condition employment upon

union membership more than thirty days after the beginning of employment or the effective date

of the CBA, Plaintiff's claims fail for the same reason as his claims in Count Four.[10]

In his Sixth Count, Plaintiff alleges that the AFL-CIO and its affiliates accepted

involuntary pension contributions, but fails to specify a law that creates a legal right under which

he can seek relief.  Compl. ¶¶ 193-194.  Counts Seven and Eight allege "sweetheart deals" and

"invalid trusteeship," and do not identify the violation of any existing law.  Courts Nine through

Twelve seek declaratory judgments, respectively, for a "void pension merger," "void 2008

---

[10] In his "Notice of Related Case," which as indicated earlier, Plaintiff has indicated is not a brief opposing the instant motions, Plaintiff argues that he rejected union membership because of his Christian religious beliefs.  Notice of Related Case 4.  His Complaint, however, says nothing about his objection to union membership having any connection to religious beliefs.  The Court further notes that Plaintiff attached as an exhibit to his Complaint a letter dated January 7, 2013, from the president of UNITE HERE Local 8 to Plaintiff, indicating that the union accommodates religious objectors by permitting them to pay an amount equivalent to the monthly union dues to a 501(c)(3) organization of the objector's choice in lieu of union dues.  Compl. Ex. 2.  The letter indicates that if Plaintiff wished to become a religious objector, he should inform UNITE HERE Local 8 of the nature of his sincere religious objection and the name of the 501(c)(3) organization that he wished to contribute to.  Id.  It is not clear to the Court what prompted the letter, or whether Plaintiff responded to this letter or attempted to attain an exemption from the CBA's provisions on religious objection grounds.

collective bargaining agreement," "void 2012 collective bargaining agreement," and "void

merger of Locals 8 and 9."  The Complaint does not indicate why the CBAs and merger were

illegal, and thus these claims must be dismissed.  Further, Plaintiff's claims regarding an illegal

trusteeship and merger would also fail because Plaintiff emphatically alleges that he is not a

union member, which means that he lacks standing to sue over these alleged violations. 29

U.S.C. § 464(a).

Count Thirteen seeks a declaratory judgment for "Obamacare Individual Mandate

Exemption."  It is unclear what declaration Plaintiff seeks, but because he does not identify any

statute or constitutional provision under which he could be afforded relief, this count will be

dismissed, to the extent it is asserted against any of the moving defendants.[11]

Count Fourteen evidently seeks a declaration that a contract involving the construction of

a bridge between Oregon and Washington over the Columbia River, referred to by Plaintiff as

"the CRC (Columbia River Crossing) Project," is unconstitutional.  It is not entirely clear what

this has to do with Plaintiff, or with the defendants for that matter, although Plaintiff alleges that

Bank of America is involved with the bridge project.  Compl. ¶ 154.[12]  Plaintiff also alleges that

the collection of the bridge tolls is associated with the alleged organized crime ring.  Because the

Court detects no connection between this count and any defendant except for Bank of America,

which has already been dismissed from this action, the Court finds that this count is no longer

viable and need not be addressed in this Opinion.

---

[11] To the extent that Plaintiff asks the Court to declare that the "individual mandate" under the Patient Protection and Affordable Care Act, 26 U.S.C. § 5000A, is invalid, this issue has already been decided by the United States Supreme Court.  See Nat'l Fed'n of Indep. Bus. v. Sebelius, 132 S. Ct. 2566 (2012).

[12] Bank of America was originally named as a defendant, but was granted dismissal on June 11, 2014 pursuant to a previous motion.  See ECF Doc. No. 35.

Count Fifteen appears to challenge the actions of the State of Washington and other jurisdictions that have decriminalized the use of marijuana as in violation of the supremacy clause of the United States Constitution.  As it does not appear that this count has any connection with any moving defendant, it is not addressed pursuant to the instant motions.

Counts Sixteen and Seventeen seek declaratory judgments for "nonjudicial forclosures" and "identity theft- violation of title 18 sect 1028."  It is entirely unclear what type of declaration Plaintiff seeks under these counts.  To the extent that these counts assert a claim against any of the moving defendants, those claims will be dismissed, as there is no indication of any violation of Plaintiff's rights by any of these defendants in connection with these alleged causes of action. Further, Plaintiff cannot assert a claim for identity theft under a federal criminal statute, as no private right of action exists. See Garay v. U.S. Bancorp, 303 F. Supp. 2d 299, 302 (E.D.N.Y. 2004) (indicating that 18 U.S.C. § 1028 does not authorize a private right of action).[13]

## C.  Claims Against Other Defendants

Plaintiff alleges that Defendant Trumka, the president of AFL-CIO, failed to attend a meeting with him.  Taking this allegation as true, Plaintiff fails to state a claim against Richard Trumka because he fails to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Plaintiff has not shown that Trumka's refusal to meet with him constitutes the elements of any viable cause of action, nor does he set forth any other assertions against Trumka.  Therefore, Plaintiff's claims against Trumka must be dismissed.

---

[13] As Plaintiff correctly points out in his "Notice of Related Case" filing, 18 U.S.C. § 1028 can be part of a civil RICO case.  Notice of Related Case at 7.

The Court detects no other factual matter in the Complaint that relates to the AFL-CIO, aside from the conclusory assertion that it is part of an organized crime ring.  To the extent that Plaintiff seeks to assert a claim against the AFL-CIO merely because the UNITE HERE locals are affiliated with it, such claims fail as a matter of law.  An international union is not liable for the actions of affiliated local unions unless it "encouraged, authorized or ratified the actions of the Local."  Brenner v. Local 514, United Bhd. Of Carpenters & Joiners of Am., 927 F.2d 1283, 1289 (3d Cir. 1991).  Plaintiff has alleged no facts indicating any independent conduct on the part of the AFL-CIO, other than the failure of its president to meet with him, nor has he alleged facts indicating that it "encouraged, authorized or ratified" any actions taken by the locals that entered into the CBAs affecting him.  This constitutes an independent ground for dismissal of the claims against the AFL-CIO.

Plaintiff makes no assertions against Defendants Public Storage or Extra Space Storage. Plaintiff merely indicates that the Secretary-Treasurer and Chief Financial Officer of UNITE HERE "[v]otes, or designates a person to vote stock, shares or securities owned by the Union as directed by the Executive Committee and in conformity with the UNITE HERE Constitution and his or her heightened fiduciary duty to the membership, including, but not limited to . . ." stock in Public Storage and Extra Space Storage.  Compl. ¶ 44.  These two entities are not mentioned anywhere else in the Complaint.  Plaintiff has not asserted facts against Public Storage or Extra Space that entitle him to relief under any cause of action.  The suggestion that Plaintiff can state a claim against these entities because some of the other defendants own shares of their stock does not warrant serious consideration.  Therefore, all claims against Public Storage and Extra Space Storage must be dismissed.

Plaintiff evidently asserts that Defendants Auction.com and HST "violated several civil and criminal statutes" in connection with a residential foreclosure on a property owned by someone named Adberrahim Saddas, which was scheduled to take place in the Sheraton San Diego Hotel, Auction.com room.[14] Compl. ¶¶ 133-134.  Plaintiff offers no facts establishing any cause of action, but sets forth vague assertions such as "[t]he engines behind these alleged wrongful foreclosures are powerful investors and an 'organized crime ring.'" Id. ¶ 135.  Plaintiff also attempts to show "interlocks" between Auction.com and various other entities by alleging that the same individuals sit on the boards of directors of these various entities, or have been employed by more than one of them at various times.  Compl. ¶¶ 137-143.  None of Plaintiff's assertions against Auction.com or HST support any cause of action. See Gutierrez v. TD Bank, Civ. No. 11-5533, 2012 WL 272807 at *11 (D.N.J. Jan 27, 2012) (dismissing one of the claims in a lengthy complaint alleging many claims because it was not clear from the facts alleged which law entitled the plaintiff to relief).  Therefore, Plaintiff's claims against Auction.com and HST will be dismissed.[15]

### D.  State Law Claims

Because Plaintiff has not adequately pleaded any claim arising under federal law, this Court may decline to exercise supplemental jurisdiction over the remaining state law claims.  See

---

[14] Mr. Saddas's relation to Plaintiff is unclear from the Complaint.  Even if the Complaint did state a claim in connection with a foreclosure on Mr. Saddas' property, it is not clear that Plaintiff would have a "personal stake" in the outcome of the litigation, which is required in order to have standing to bring suit. See City of Los Angeles v. Lyons, 461 U.S. 95, 101 (1983).

[15] HST also asserts that Plaintiff lacks personal jurisdiction over it and has no standing to bring a claim against it.  It is not entirely clear that personal jurisdiction is lacking.  To the extent that Plaintiff alleges a civil RICO claim agains HST, personal jurisdiction may exist. See Estate of Carvel v. Ross, 566 F. Supp. 2d 342, 350 (D. Del. 2008) (noting that in a civil RICO case, as long as personal jurisdiction exists over one defendant, all members of the RICO conspiracy may be haled before a single court).  Accordingly, the Court does not reach the issue of personal jurisdiction, because Plaintiff's claims against HST are properly dismissed for failure to state a claim.

Kolar v. Preferred Real Estate Invs., Inc., 361 F. App'x 354, 357-359 (3d Cir. 2010) (affirming district court's decision to not exercise supplemental jurisdiction over state law claims after the dismissal of all RICO counts in the complaint).  Although Plaintiff alleges that jurisdiction exists under the diversity jurisdiction statute, he has not alleged the citizenship of any party, and thus his complaint does not support the existence of jurisdiction under diversity of citizenship. Compl ¶ 4; see Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 419 (3d Cir. 2010) (indicating that "[t]he key inquiry in establishing diversity is . . . the 'citizenship' of each party to the action.").  The Court will thus not reach the merits of Plaintiff's civil conspiracy and accounting claims.

### E.  Leave to Amend

Ordinarily, when a pro se complaint is dismissed for failure to state a claim, leave to amend is granted.  However, with respect to at least the claims against HST, Auction.com, Public Storage, and Extra Space Storage, the lack of factual matter that could potentially give rise to any cause of action is glaring.  Where amendment would be inequitable or futile, claims may be dismissed with prejudice.  Grayson v. Mayview State Hosp., 293 F.3d 103, 110-11 (3d Cir. 2002).  The Court believes that if Plaintiff was in possession of any additional relevant factual matter related to these entities, he would have included it in his thirty-six page Complaint or filed an opposition brief setting it forth.  Thus, the Court finds that it would futile for Plaintiff to attempt to cure his Complaint, as against these parties, through amendment.  It would also be inequitable to require these parties to continue to litigate in this matter.  Therefore, the claims against these entities will be dismissed with prejudice.  Because the Court cannot conclude that they would be futile to amend, the claims against UNITE HERE and AFL-CIO will be dismissed

without prejudice.  Plaintiff will be permitted to amend his Complaint on order to include "a short and plain statement of the claim showing that" he is entitled to relief against these defendants under a recognized cause of action.  See Fed. R. Civ. P. 8(a)(2).

Plaintiff has styled his Complaint as a putative class action.  Compl. ¶ 17.  However, even if Plaintiff is able to plead facts that are sufficient to state a claim, because he is not an attorney, he cannot represent the interests of others.  See Ezekoye v. Ocwen Fed. Bank FSB, 179 F. App'x 111, 113 (3d Cir. 2006) (observing that "a pro se litigant may not represent the interest of a class in a class action lawsuit"); Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) (noting that "it is plain error to permit [a litigant] who is unassisted by counsel to represent his fellow [plaintiffs] in a class action.").  Therefore, if Plaintiff chooses to amend his pleading, he does not have leave to style the amended complaint as a class action complaint or to include any class allegations.

## IV.    CONCLUSION

For the foregoing reasons, all motions to dismiss will be **GRANTED**.  For the reasons discussed herein, the claims against Public Storage, Extra Space Storage, HST and Auction.com will be **DISMISSED WITH PREJUDICE**.  The remaining claims will be **DISMISSED WITHOUT PREJUDICE**, and Plaintiff may file a motion for leave to amend his complaint within the time period specified in the Order accompanying this Opinion.

Dated:  7/15/2014                                    s/ Robert B. Kugler
                                                            ROBERT B. KUGLER
                                                            United States District Judge