NOT FOR PUBLICATION (Doc. No. 42)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| EMANUEL MCCRAY, | : |
| Plaintiff, | : Civil No. 13-6540 (RBK/JS) |
| v. | : **OPINION** |
| UNITE HERE, et al., | : |
| Defendants. | : |

**KUGLER**, United States District Judge:

This matter comes before the Court on the motion of Defendants Barack Hussein Obama ("President Obama"), the United States Department of Justice ("DOJ"), the United States Department of Labor ("DOL"), the National Labor Relations Board ("NLRB"), and the United States Department of Veteran Affairs ("DVA") (collectively "Defendants") to dismiss Plaintiff Emanuel McCray's ("Plaintiff") Complaint against them. For the reasons stated herein, Defendants' motion will be **GRANTED**.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff, proceeding pro se, filed his Complaint on October 30, 2014, naming twenty-four defendants. (Doc. No. 1.) It appears that Plaintiff was previously employed at a Hilton Hotel in Vancouver, Washington. (Compl. at Ex. 2.) Based on correspondence submitted by Plaintiff with his Complaint, it appears that on March 6, 2013, Hilton sent a letter to Plaintiff advising him that it was obligated to terminate his employment under its Collective Bargaining Agreement ("CBA") with UNITE HERE, Local 9, because he failed to pay union dues despite

1

being notified that his dues were in arrears. (Id.) Evidently, the CBA required all employees whose job duties involved bargaining unit work to become and remain union members. (Id.) Plaintiff was terminated on March 27, 2013. (Compl. ¶ 183.) Plaintiff alleges in his Complaint that UNITE HERE and the AFL-CIO are "front organizations for an international 'organized crime ring,'" (Id. ¶¶ 18, 48), and that Plaintiff "was wrongfully terminated for whistleblowing." (Id. ¶¶ 183-185). Plaintiff asserted seventeen claims in his Complaint, including civil conspiracy, civil racketeering, accounting, and fourteen claims for declaratory relief.[1] (Id. ¶¶ 183-205.)

Plaintiff filed his Complaint on October 30, 2013. (Doc. No. 1.) On December 26, 2013, the Camden branch office of the United States Attorney's Office ("USAO") received, by certified mail, an envelope addressed to:

> Civil Docket Clerk
> U.S. Attorney's Office
> 401 Market Street
> Camden, NJ 08102

---

[1] Besides the moving Defendants and UNITE HERE, the Complaint also names a number of other parties as defendants. It is unclear from the Complaint whether all or some of the claims are being brought against the moving Defendants. In fact, it is unclear from the face of the Complaint exactly what the claims are and the grounds upon which they rest. Plaintiff's Complaint hangs on the periphery of "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, it is not necessary to describe the allegations in detail here, because this Opinion will only address the sufficiency of service of process upon Defendants. The Court instead offers only a brief summary of each claim.

It appears that Plaintiff is seeking declaratory relief against President Obama because (1) President Obama has done everything he could to "avoid telling [the public] that Obamacare provides a means to opt out of paying for abortions and other medical care on religious or moral grounds," (Id. ¶ 180), and (2) the Obama Administration has stated publicly that it would enforce [federal drug laws] against States that have legalized marijuana, but has failed to do so, (Id. ¶ 203.) It appears that Plaintiff is seeking declaratory relief against the DOJ because Plaintiff informed the DOJ about the alleged extortion being carried out by UNITE HERE, but the DOJ did not pursue an investigation. (Id. ¶¶ 65-66.) Plaintiff apparently is seeking declaratory relief against the DOL because Plaintiff filed a complaint with the DOL challenging a trusteeship, but the DOL did not accept the complaint because Plaintiff was not a union member. (Id. ¶ 70.) Against the NLRB, Plaintiff alleges nothing more than that he informed the NLRB that UNITE HERE was engaged in numerous unlawful practices. (Id. ¶ 86-94.) Finally, Plaintiff alleges that, in violation of 38 U.S.C. § 1729 et seq., the DVA "has refused to subrogate the Agency as required by law and has required Plaintiff to make copayments in violation of federal law." (Id. ¶¶ 98-101.)

2

(Dowdy Decl. ¶ 2 and Ex. 1.)  Inside were copies of five summonses directed to the respective Defendants, as well as a disc containing electronic copies of the Complaint and its exhibits. (Dowdy Decl. ¶ 2.)  No cover letter was included.  (Id.)  The return address on the envelope was:

> Emanuel McCray
> 400 W McLoughlin Blvd., #5
> Vancouver, WA 98660

(Dowdy Decl. ¶ 2 and Ex. 1.)

On February 4, 2014, Assistant United States Attorney, Irene Dowdy, sent a letter to Plaintiff, by certified mail and by regular mail, utilizing the return address appearing on the envelope previously received by the USAO.  The letter stated, in pertinent part:

> Please be advised that to date your attempted service of process on the federal defendants named in the complaint … is not in compliance with Federal Rule of Civil Procedure 4. Rule 4(c)(2) provides: "Any person who is at least 18 years old <u>and not a party</u> may serve a summons and complaint." … Rule 4(l)(1) provides, "Unless service is waived, proof of service must be made to the court…by the server's affidavit.
>
> Please note that the time period in which the federal defendants must respond to the complaint (i.e., 60 days) does not begin to run until proper service by an appropriate server has been made on the United States Attorney.

(Dowdy Decl. ¶ 3 and Ex. 2.) (emphasis in original).  According to USAO records, Plaintiff never attempted to rectify the insufficiency of his service of process, and no proof of service has been filed with the Court.  (Dowdy Decl. ¶¶ 4-5.)  In addition, there is no indication that Plaintiff has served the Attorney General.

Defendants now move under Federal Rule of Civil Procedure 12(b)(5) to dismiss the Complaint for insufficient service of process.[2]

---

[2] Defendants also move to dismiss pursuant to Rules 12(b)(2), (3), and (6).  Because this Court will dismiss on 12(b)(5) grounds, the Court need not engage in an analysis of the alternative bases for dismissal.  The Court notes, however, that Defendants have set forth several arguments for dismissal for failure to state a claim under Rule

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(5) allows a defendant to challenge "departures from the proper procedure for serving a summons and complaint." Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure Civil § 1353 (3d ed. 2014). Rule 4 sets forth the requirements for service of process in all civil actions in United States District Courts, and Rule 12(b) incorporates them. Id. Under Rule 4(c)(1), a summons must be served with a copy of the complaint, and "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)…" Fed. R. Civ. P. 4(c)(1). Rule 4(c)(2) provides that "any person who is at least 18 years old and not a party may serve a summons and complaint." Fed. R. Civ. P. 4(c)(2). When suing a federal agency, corporation, or officer, the plaintiff must arrange for proper service of process on the United States Attorney for the district in which the action is brought, as well as upon the Attorney General and on the named agency and/or officer. Fed. R. Civ. P. 4(i)(1), (2). Proof of service must be made by the server's affidavit. Fed. R. Civ. P. 4(l)(1).

Rule 4(m) provides that if a defendant is not served within 120 days after the complaint is filed, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). If a plaintiff shows "good cause" for the failure to timely serve, the court "must extend" the time for service. Id. Good cause exists where there is a "demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the

---

12(b)(6), but Plaintiff's Opposition only disputes Defendants' arguments with respect to dismissal under Rule 12(b)(5), completely ignoring Defendants' other arguments. Accordingly, the Court may find that Plaintiff has waived his claims against Defendants. See Leisure Pass North America, LLC v. Leisure Pass Group, Ltd., No. 12-3375, 2013 WL 4517841, at *4 (D.N.J. Aug. 26, 2013) ("Plaintiff has waived its opposition to this argument by failing to respond to it."); see also Griglak v. CTX Mortgage Co., LLC, No. 09-5247, 2010 WL 1424023, at *3 (D.N.J. Apr. 8, 2010) ("The failure to respond to a substantive argument to dismiss a count, when a party otherwise files opposition, results in a waiver of that count.")

4

rules." MCI Telecomm. Corp. v. Teleconcepts, Inc., 71 F.3d 1086, 1097 (3d Cir. 1995) (citing Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1312 (3d Cir. 1995)).  Some of the factors courts examine in determining whether good cause exists include: (1) the reasonableness of the plaintiff's efforts to serve, (2) the prejudice that may befall a defendant as a consequence of untimely service, and (3) whether plaintiff moved for an enlargement of time to serve.  Id. (citing the three factors but noting that although prejudice to the defendant is a consideration, the "absence of prejudice alone can never constitute good cause to excuse late service").

Even if good cause does not exist, the court may consider whether to grant a discretionary extension of time.  Petrucelli, 46 F.3d at 1305.  Among the factors a district court should consider in deciding whether to extend time for service in the absence of good cause are whether the refiled action would be barred by the statute of limitations or if the defendant has evaded service or is concealing a defect in attempted service.  Id. at 1305–06.  If service is put in issue by a defendant, a plaintiff has "the burden of proving proper service" or explaining the lack thereof.  Rivera Lopez v. Municipality of Dorado, 979 F.2d 885, 887 (1st Cir. 1992); see also Grand Entm't Grp., Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 488 (3d Cir. 1993).

**III.   DISCUSSION**

Defendants argue that service was deficient because it was made by Plaintiff himself, and under Rule (4)(c)(2), service may only be made by "a person who is at least 18 years old and not a party." Fed. R. Civ. P. 4(c)(2) (emphasis added).  Additionally, Defendants argue that no proof of service was filed in accordance with Rule 4(l)(1), and the time to effect sufficient service has expired under Rule 4(m). (Def. Br. at 6-7.)  Plaintiff does not deny that he failed to comply with Rule 4 by serving process himself.  Rather, Plaintiff argues that Defendants' motion to dismiss is

untimely because Defendants failed to file their motion within the 60-day time period for responsive pleadings prescribed by Rule 12(a)(2).  (Pl. Opp'n at 6.)

It appears from the facts presented to the Court that Plaintiff himself mailed the summonses for Defendants to the USAO.  Such service is ineffective according to Rule 4(c)(2).  See Constien v. United States, 628 F.3d 1207, 1213-15 (10th Cir. 2010) (finding that Rule 4 "contains no mailing exception to the nonparty requirement for service"); Reading v. United States, 506 F. Supp. 2d 13, 19 (D.D.C. 2007) (finding that Rule 4 does not allow a pro se plaintiff to circumvent procedural requirements by effectuating service by certified mail himself); Wright & Miller, supra, at § 1089.1 n. 1 (noting that "[e]ven when service on the United States is effected by the mails, only a non-party over 18 years of age … can place the summons and complaint in the mail").  Plaintiff's failure to effect proper service of process means that this Court lacks jurisdiction over these Defendants.  See Grand Entm't Grp., 988 F.2d at 492 ("A district court's power to assert in personam authority over parties defendant [sic] is dependent … on compliance with the technicalities of Rule 4.")  Since this Court lacks personal jurisdiction over Defendants, they were "entitled to ignore the whole proceeding." Orange Theatre Corp. v. Rayherstz Amusement Corp., 139 F.2d 871, 873 (3d Cir. 1944).  Under these circumstances, this Court "could acquire the power to adjudicate the controversy only if the [Defendants] voluntarily appeared." Id.  Consequently, the 60-day period to file a responsive pleading prescribed by Rule 12(a)(2) could not commence to run prior to such appearance.  See id.; see also In Re Eizen Furs, 10 F.R.D. 137, at 139 (E.D.Pa. 1950) (holding that the alleged bankrupt did not waive its objection to insufficient service by failing to file its objection within the time period prescribed Rule 12(a) because there was no jurisdiction over the alleged bankrupt).

Since Plaintiff has failed to effectuate sufficient service within the time prescribed by Rule 4(m), it must be determined whether Plaintiff has shown "good cause" for the failure to timely serve.  Plaintiff has not met his burden of showing good cause.  Plaintiff does not allege that Defendants were properly served.  Defendants' letter provided notice to Plaintiff that he had failed to comply with Rule 4(c)(2) before the 120 day deadline had passed, yet there is no indication that Plaintiff made any effort to properly serve Defendants, to move for an extension of time to serve, or to file an affidavit of service from the server if it indeed was not Plaintiff himself.  Moreover, a pro se litigant's failure to understand Rule 4 does not provide good cause for failing to properly serve process.  Felicetty-Stamm v. Sec'y Dept. of Homeland Sec., 558 Fed. App'x 189, 191 (3d Cir. 2014).

Likewise, the Court observes no basis for a discretionary extension of time in the absence of good cause.  There is no suggestion that Defendants have evaded service.  Rather, Defendants sent Plaintiff a letter explaining that service was defective and that they were under no obligation to respond until proper service was made.  Additionally, given the Court's inability to decipher Plaintiff's claims, the Court is unable to determine from the face of Plaintiff's complaint whether the statute of limitations would bar a refiled action against the Defendants.  Therefore, Plaintiff's complaint against Defendants will be dismissed pursuant to Rule 12(b)(5).

## IV. CONCLUSION

For the foregoing reasons, the motion to dismiss will be **GRANTED**.  The claims against the moving Defendants will be dismissed without prejudice.


Dated:  3/20/2015                                                           s/ Robert B. Kugler
                                                                ROBERT B. KUGLER
                                                                 United States District Judge